**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                   No. 96-4278

ROBERT LEE SPENCER, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-95-171)

Submitted: June 24, 1997

Decided: July 16, 1997

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Laishley, Huntington, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, Margaret A. Hickey, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Lee Spencer appeals from his convictions on one count of conspiracy to distribute and possess with intent to distribute hydromorphone ("dilaudid") in violation of 21 U.S.C. § 846 (1994), and three counts of distribution of dilaudid in violation of 21 U.S.C.A. § 841(a)(1) (West 1981 & Supp. 1997). We find no merit to his claims; consequently, we affirm.

I

Spencer's first claim is that the district court violated his Sixth Amendment right to confront witnesses by allowing the government to introduce hearsay testimony through Carolyn Ash. Ash testified that she delivered drugs to Tammy Adkins and that she saw Adkins take those drugs into a building identified during the trial as Spencer's apartment building and then come back with money and other drugs. Spencer contends that Ash gave hearsay testimony concerning Tammy Adkins. However, Ash testified only about Adkins' actions-- not her statements--and the government's two attempts to elicit hearsay testimony from Ash were disallowed by the court. Therefore, Ash's testimony did not violate Spencer's Sixth Amendment rights.

II

Next Spencer claims that the district court erred by not granting his motion for judgment of acquittal as to Count One, conspiracy to distribute and possess with intent to distribute dilaudid. To prove a drug conspiracy, the prosecution must show: "(1) an agreement to possess [the drugs] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Each defendant need not know the details of the conspiracy's structure and organization or the identities of every conspirator. Id. at 858. "[A] loosely-knit association of members linked only by

2

their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market" may be sufficient to establish the existence of a conspiracy. United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

Here, the government presented both direct and circumstantial evidence of Spencer's participation in a dilaudid distribution conspiracy. Carolyn Ash testified that she sold drugs to Tammy Adkins and saw Adkins take the drugs to what was identified at trial as Spencer's apartment building, and that Adkins returned from the building with cash for Ash and dilaudid for herself. The government also presented recordings of Spencer selling dilaudid to a confidential informant, and the informant testified about the recorded transactions. Two other witnesses testified that on several occasions they went to Spencer's apartment and bought dilaudid. Viewing this evidence in the light most favorable to the government, the evidence was sufficient for a jury to find beyond a reasonable doubt that Spencer was engaged in a conspiracy to distribute and possess with intent to distribute dilaudid. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

III

Spencer filed a motion to recuse the district court judge on the grounds that the judge had been named as a party in a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) action where he asked for damages, and that the judge remarked before trial that Spencer had filed several habeas actions. The judge assured Spencer that he had not even realized that Spencer had named him as a party to an action for damages and that this lawsuit would have no bearing on his trial, and Spencer expressed his satisfaction that this was true. The judge also said he merely was stating a fact when he commented about Spencer's prior filings. Spencer subsequently withdrew the recusal motion. He now argues that the district court erred by failing to recuse itself pursuant to 28 U.S.C. §§ 144, 455 (1994), after the motion for recusal was withdrawn. Because he withdrew his motion for recusal, however, he waived his right to assert that claim on appeal. Moreover, the

3

judge's failure to recuse himself did not amount to plain error. <u>See</u> <u>United States v. Johnson</u>, ___ U.S. #6D6D 6D#, ___, 65 U.S.L.W. 4305, 4307 (U.S. May 12, 1997) (No. 96-203).

IV

During closing arguments, defense counsel said that he failed to ask the witnesses who testified that they had purchased drugs from Spencer whether they knew each other and that he wondered what their answers would have been. The government responded in rebuttal that the defense attorney deliberately chose not to ask those questions because he did not want to know the answers. Spencer claims that the prosecutor's statement amounts to prosecutorial misconduct because the prosecutor attempted to discredit his attorney's argument by suggesting to the jurors that he had deceived them with his remarks.

This court has established a two-prong test for assessing prosecutorial misconduct: "(1) whether the prosecutor's remarks or conduct was [sic] improper, and (2) whether such remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." <u>United States v. Francisco</u>, 35 F.3d 116, 120 (4th Cir. 1994). Because defense counsel failed to raise objections at trial to the prosecutor's remarks, this court will vacate Spencer's conviction only if the remarks constituted plain error. <u>See United States v. Mitchell</u>, 1 F.3d 235, 239 (4th Cir. 1993).

Defense counsel invited comment when he told the jury that he forgot to ask some questions and that he wondered what the witnesses' answers would have been. Moreover, even if the prosecutor's statements were improper, they did not undermine the fairness of the trial and lead to a fundamental miscarriage of justice because there was substantial evidence establishing Spencer's guilt. We find therefore that the prosecutor's remarks did not amount to plain error.

V

For these reasons, we affirm Spencer's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4